## IN RE SNIVELY.

(No. 760—Decided November 21, 1941.)

*Mr. R. W. Schertzer, Mr. Herbert Mitchell* and *Mr. John Malik,* for appellant.

*Mr. Carl Y. Armstrong,* for appellee.

PHILLIPS, J. The Director of Public Safety of the city of Bellaire, acting in accordance with, and under authority of the provisions of the removal statute, Section 486-17a of the General Code, removed appellant Snively, for five alleged acts of misconduct, from his position of patrolman in the classified service of the safety department thereof, and subsequently duly notified him of such removal; notice of which, together with appellant's explanation, were respectively duly filed with the civil service commission of that city

within the statutory time and a reasonable period as provided by statute.

From the safety director's judgment of removal appellant duly appealed to the civil service commission, which upon hearing found him guilty upon three charges as filed, modified the service director's order of removal, and suspended appellant for 183 consecutive days without compensation.

From the judgment of the commission appellant appealed to the Court of Common Pleas of Belmont county, which court affirmed the judgment of the civil service commission; and from the judgment of the Court of Common Pleas he appeals to this court on questions of law.

The sole question presented for consideration by the contentions of the parties and their admissions by brief or oral argument is whether the civil service commission exceeded its authority in modifying the safety director's judgment of removal, by suspending appellant for a period of 183 consecutive days without compensation, it being the claim of appellant that the modification to suspension limited the right of the commission to suspend appellant for a period not in excess of 30 days without compensation.

Appellee contends that the civil service commission had the authority to modify the safety director's order of removal to any judgment less than removal, provided the judgment, as modified, was within reason and entered in good faith.

It is clear to us that, for the purposes of discipline and the efficient and expeditious management of the police department, Section 486-17, General Code, conferred power upon the safety director, as the appointing authority, to suspend appellant for a period not exceeding 30 days without compensation, whose judg-

ment would be final and from which appellant would have no right of appeal, and Section 486-17a, General Code, conferred power upon the safety director to remove appellant from office, which he did, and from which appellant had the right to and did appeal.

However, we find no statutory restriction or limitation upon the power of the civil service commission to suspend appellant for the period of 183 consecutive days without compensation, which obviously was a penalty less than removal, and which under the evidence we believe was within reason, and imposed in good faith. Obviously it was a judgment less than removal and was not of such a lengthy period as to amount to a removal of appellant.

On the contrary, it is believed that it was the clear intent of the Legislature to confer discretionary power upon the civil service commission in the modification of a judgment of removal by the safety director to enter a judgment of suspension in excess of 30 days without compensation or for an indefinite period, providing such period did not amount to a removal from office, in which event other provisions are applicable.

It is believed therefore that the trial court did not commit error prejudicial to appellant's rights in holding that the civil service commission had authority to modify the safety director's judgment of his removal, and to enter an order of suspension for 183 consecutive days without compensation, which was reasonable, and entered in good faith.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

CARTER, P. J., and NICHOLS, J., concur.